T.C. Memo. 1998-226


UNITED STATES TAX COURT


RICHARD A. FREY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23834-96.                    Filed June 29, 1998.


<u>W. Waverly Townes</u>, for petitioner.

<u>Andrew M. Winkler</u>, for respondent.


MEMORANDUM OPINION

GERBER, <u>Judge</u>:  Respondent determined deficiencies in
petitioner's Federal income tax and penalties for fraud as
follows:

| Year | Deficiency | Sec. 6663 |
|------|-----------|-----------|
| 1990 | $11,998 | $8,999 |
| 1991 | 11,803 | 8,852 |
| 1992 | 11,225 | 8,419 |
| 1993 | 15,769 | 11,827 |

The deficiency in income tax and penalty for 1993 have been reduced to $15,453 and $11,590, respectively, to reflect respondent's concession that the unreported income amount determined for petitioner's 1993 tax year is $52,000, rather than the $52,989 determined in the notice of deficiency. The issues for our consideration are: (1) Whether petitioner is estopped, by reason of a prior conviction for criminal tax evasion, from denying that the $188,000 he received was taxable income during the years in issue; (2) whether petitioner is estopped from denying that the deficiencies asserted against him for the years at issue were due to fraud with the intent to evade tax; and (3) whether the assessment and collection of the deficiencies in income tax and penalties for petitioner's taxable years 1990, 1991, and 1992 are barred by expiration of the statutory period of limitations.

This case was submitted fully stipulated pursuant to Rule 122.[1] At the time the petition in this case was filed, petitioner, Mr. Richard Frey, resided in Milan, Michigan.

---

[1] The stipulation of facts and the attached exhibits are incorporated by this reference. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue, unless otherwise indicated.

Petitioner herein was the defendant in the criminal case of United States v. Frey, docket No. 95CR00035-J, which was tried in the U.S. District Court for the Western District of Kentucky.

Petitioner was indicted on April 5, 1995, with respect to the criminal matter. The indictment charged that petitioner, who was employed as the Director of Corrections for the Jefferson County Department of Corrections, received bribes in exchange for assisting a corporation in obtaining certain contracts. In addition, the indictment charged that petitioner knowingly and willfully attempted to evade Federal income tax for 1990, 1991, 1992, and 1993 by filing false and fraudulent joint returns in violation of section 7201. Petitioner was charged with underreporting income, on behalf of himself and his spouse, in the amounts of $44,000, $48,000, $44,000, and $52,989 for tax years 1990, 1991, 1992, and 1993, respectively. It was petitioner's position that these amounts were received by him during the years in issue as nontaxable loans. Petitioner was found guilty of conspiracy to commit extortion, mail fraud, money laundering, and tax evasion.

Respondent asserts that petitioner's conviction of tax evasion under section 7201 collaterally estops him from rebutting the determination that he is liable for civil fraud penalties under section 6663 for the same years. Respondent further maintains that the deficiencies in income tax and the penalties

due from petitioner may be assessed at any time under section 6501(c)(1). Petitioner asserts that the doctrine of collateral estoppel does not apply because: (1) the issues in the criminal case are not the same as those in the instant case; and (2) the complexity and number of counts in the indictment are special circumstances that warrant an exception to the normal rules of issue preclusion. Petitioner also maintains that the 3-year limitation period under section 6501(a) bars the assessment and collection of the deficiencies and penalties for 1990, 1991, and 1992.

The Supreme Court in Montana v. United States, 440 U.S. 147, 155 (1979), refined the parameters of applying collateral estoppel by articulating a three-prong test: (1) Whether the issues presented in the subsequent litigation are in substance the same as those in the first case; (2) whether controlling facts or legal principles have changed significantly since the first judgment; and (3) whether special circumstances warrant an exception to the normal rules of preclusion. See Meier v. Commissioner, 91 T.C. 273, 282-286 (1988).

Petitioner argues that the complexity and number of counts in the indictment are special circumstances that warrant an exception to the rules of issue preclusion. With respect to the special circumstances exception, the Supreme Court stated: "Redetermination of issues is warranted if there is reason to

doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." Montana v. United States, supra at 164 n.11. Petitioner has offered no evidence that either the complexity or the quantity of the counts in the prior criminal indictment affected adversely the quality, extensiveness, or fairness of the prior criminal procedure. We find that no special circumstances exist warranting any exception, and petitioner has not directed our attention to any change in controlling facts or legal principles since the first judgment. Thus, the only question we must resolve is whether the issues involved in the instant case are sufficiently similar to those resolved in the criminal proceeding so as to warrant the application of collateral estoppel.

It is well established that a conviction for Federal income tax evasion, either upon a plea of guilty or upon a jury verdict, conclusively establishes fraud in a subsequent civil tax fraud proceeding through application of the doctrine of collateral estoppel. DiLeo v. Commissioner, 96 T.C. 858, 885-886 (1991), affd. 959 F.2d 16 (2d Cir. 1992); Gray v. Commissioner, 708 F.2d 243, 246 (6th Cir. 1983), affg. T.C. Memo. 1981-1. The elements of criminal tax evasion and civil tax fraud are identical. Gray v. Commissioner, supra; Hicks Co. v. Commissioner, 470 F.2d 87, 90 (1st Cir. 1972), affg. 56 T.C. 982 (1971).

Petitioner was found guilty of tax evasion for the taxable years 1990, 1991, 1992, and 1993. In particular, petitioner was charged with criminally underreporting income in the amounts of $44,000, $48,000, $44,000, and $52,989 for the tax years 1990, 1991, 1992, and 1993, respectively. Petitioner admits to receiving the amounts in issue; however, he argues that the amounts received were nontaxable loans. The factual question of whether this money constituted income was necessarily decided in reaching the judgment in the criminal case. Petitioner was found guilty of tax evasion for failure to report the amounts here in controversy. Accordingly, petitioner is estopped from arguing that no part of the amounts received was taxable income and from denying that he filed false and fraudulent Federal income tax returns with the intent to evade income tax for 1990, 1991, 1992, and 1993.

Furthermore, because petitioner's fraudulent intent, for purposes of the penalties under section 6663, has been established for 1990, 1991, and 1992, it follows that the assessment and collection of the deficiency in income tax and the penalties are not barred by the expiration of the statutory limitation period. Sec. 6501(c)(1); see Taylor v. Commissioner, T.C. Memo. 1997-82.

To reflect the foregoing,

Decision will be entered

under Rule 155.